AO106(Rev.5/85) Affidavit for Search Warrant

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

In the Matter of the Search of
(Name, address or brief description of person, property, or premises to be searched)

Dell Laptop Computer
serial number JS9Z1B1/43068668509

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT**

CASE NUMBER:

(Further described below)

I <u>Timothy Palchak</u> being duly sworn depose and say:

I am a(n) <u>Detective with the Metropolitan Police Department</u> and have reason to believe
(Official Title)

that (name, description and or location)

in the District of Columbia, there is now located certain person or property, namely (describe the person or property to be searched)

**a Dell Laptop Computer bearing serial number JS9Z1B1/43068668509 and data stored therein**

which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)
evidence of criminal offenses, instrumentality of crimes and contraband

concerning a violation of Title <u>18</u> United States Code, Section(s) <u>2422(b), 2423(b)</u>. The facts to support a finding of Probable Cause are as follows:

SEE ATTACHED AFFIDAVIT HEREIN INCORPORATED BY REFERENCE AS IF FULLY RESTATED HEREIN

Continued on the attached sheet and made a part hereof.     YES  x☐  NO

Patricia Stewart
Federal Major Crimes
(202)514-7064

Signature of Affiant
Timothy Palchek, Detective
Metropolitan Police Department

Sworn to before me, and subscribed in my presence

_____    at Washington, D.C.
Date

_____    _____
Name and Title of Judicial Officer        Signature of Judicial Officer

**AFFIDAVIT IN SUPPORT OF A SEARCH WARRANT**

**AFFIANT BACKGROUND**

1. Your affiant in this matter, Detective Timothy Palchak has been a police officer with the Metropolitan Police Department since 1994.  In 2000, your affiant was promoted to Detective Grade 2 and is currently serving at this rank.

2. During your affiant's twelve year tenure with the Metropolitan Police Department he has been assigned to the Third District Patrol Operations, Prostitution Enforcement Unit, and is currently assigned to the Northern Virginia Regional Internet Crimes Against Children Task Force. Your affiant has received training in the following subject areas: Family Violence and Child Protection, Basic Investigator Course, Interview and Interrogation, Sexual Assault Nurse Examination, Children's Hospital Conference on Responding to Child Maltreatment, Child Abuse and Child Exploitation Investigation techniques, undercover Internet Crimes Against Children (ICAC) investigations course and Image scanning.

3. Your affiant has made numerous arrests and interviewed numerous victims, witnesses, and suspects.  Your affiant has participated in numerous child abuse investigations, child sex abuse investigations and ICAC investigations.  In November of 2005, the affiant received cross designation training from Immigration and Customs Enforcement (ICE).

**DEFINITIONS/TERMS**

The terms **"records," documents," and materials"** as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical, electronic, magnetic or photo-optical form (including, but not limited to, tape recordings, cassettes, compact discs, electronic, photo-optical or magnetic storage devices such as floppy diskettes, hard disks, CD-ROMs, digital video disks (DVDs), Personal Digital Assistants (PDAs), Multi Media Cards (MMCs), memory sticks, optical disks, printer buffers, smart cards, memory calculators, electronic dialers, Bernoulli drives, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

**Yahoo!** is a commercial computer service, also known as a commercial bulletin board, offering subscribers the ability to communicate online with other individuals through, *inter alia*, chat rooms, e-mail and/or instant messaging.

**An Internet chat room** is an electronic meeting room provided by Yahoo! and other similar services that allows groups of two or more Internet users to have conversations.  An Internet user using an Internet chat room chooses a unique identifier, i.e., a screen name, in order to identify himself or herself to other users of the service.  To communicate using a

Yahoo! Internet chat room, each user must have access to a computer that is connected to the Internet such that it can communicate with Yahoo! chat servers located in California. Each Yahoo! chat room user can communicate with other users also logged in to Yahoo! at the same time in real time through chat rooms, private chat rooms, or instant messages. Within the system, text messages as well as other types of messages (such as graphic images or photographs) can be sent to a user. Both text and graphics files can be saved to the user's computer's hard drive or other electronic media for access and printing at any time.

**INVESTIGATION**

4. On Thursday, November 16, 2006, your affiant was acting in an undercover capacity as part of a multi- jurisdictional Internet Crimes Against Children (ICAC) Task Force. I was operating out of a Satellite Office in Washington, DC. On Thursday, November 16, 2006, an individual using the screen name "freddyuna" initiated contact with your affiant who was using the screen name "lilmandygrl_dc". Your affiant identified himself as a thirteen year-old female residing in the District of Columbia. The defendant, who was using the screen name "freddyuna", identified himself as a twenty three year-old male who resided in Hyattsville, Maryland.

5. The defendant initiated two conversations in a private Yahoo chat room. The first chat started on Thursday, November 16, 2006 at 1751 hours, and ended at 1837 hours. The second conversation started on Thursday, November 16, 2006 at 2143 hours, and ended at 2150 hours. During the course of the first conversation the defendant asked "lilmandysgrl_dc" if she was a virgin and had done anything sexual. The defendant also asked, "lilmandygrl_dc" if she masturbated and if she knew what oral sex was. The defendant also asked, "do u think u can take this big dick". The defendant made arrangements to have vaginal intercourse with "lilmandygrl_dc" and said, "I cant wait to fuck!". During the second conversation the defendant made arrangements to meet "lilmandygrl_dc" in front of 101 Franklin Street Northeast, Washington, DC. The defendant informed the undersigned that he was driving a white 2007 Toyota Camry.

6. During the course of the first conversation the undersigned sent the defendant a picture via Instant message of a small child wearing a bathing suit. The defendant invited the undersigned to view his photo on his Yahoo profile your affiant provided a copy of the photo to detectives conducting surveillance in this case. On Thursday, November 16, 2006, Detective Jonathan Andrews observed the defendant operating a 2007 white Toyota Camry in front of 101 Franklin Street Northeast, Washington, DC. Detective Andrews along with Sergeant M. Hines and Detective Miguel Miranda stopped the defendant without incident and placed him under arrest.

7. A cursory search of the vehicle was conducted on the scene. Recovered from the front passenger seat of the defendant's vehicle was a Dell laptop computer bearing serial #JS9Z1B1/43068668509. Investigation has determined that the computer is owned by Erickson Retirement Communities and that the defendant was employed by that entity on November 16, 2006.

8. Based on your affiant's knowledge, training and experience, your affiant knows that data storage devices, including computers, seized from defendants may be important to this criminal investigation in two distinct ways: (1) the objects themselves may be contraband, evidence, or instrumentalities of crime, and/or (2) the objects may be used as storage devices that contain contraband, evidence, instrumentalities, or fruits of crime in the form of electronic data. Rule 41 of the Federal Rules of Criminal Procedure permits the government to search for and seize computer hardware, software, and electronic files that are evidence of crime, contraband, instrumentalities of crime, and/or fruits of crime. In this case, the warrant application requests permission to search and seize both computers and other data storage devices as evidence and instrumentalities of crime as well as data stored in devices that are also evidence and/or contraband.

9. Based on your affiant's knowledge, training and experience, your affiant knows that engaging in Internet chat room conversations can create evidence of the chat that will be stored on the computer used to access the Internet chat room service. Based on your affiant's knowledge, training and experience in investigations involving computers and electronic evidence, your affiant knows that incriminating evidence can be hidden or otherwise reside on almost any part of a computer's memory. Directories, files names and file extensions need not disclose the true nature of the contents of a file, making it easy for criminals to hide evidence. Accordingly, searching computers and other storage devices for the evidence described below may require a range of data analysis techniques. In cases such as this one, it is often not possible for agents to gather all relevant materials through "keyword" searches or by looking for only particular directories, file names, or file types. Criminals can mislabel or hide files and directories; encode communications to avoid using key words; attempt to delete files to evade detection; or take other steps designed to frustrate law enforcement searches for information. These steps may require agents to conduct more extensive searches, such as scanning areas of the disk not allocated to listed files, or opening every file and scanning its contents briefly to determine whether it falls within the scope of the warrant. In light of these difficulties, your affiant requests permission to use whatever data analysis techniques appear necessary to locate and retrieve the evidence described below.

10. Based on your affiant's knowledge, training and experience in investigations of child exploitation and Internet Crimes Against Children, your affiant knows that adults who seek out children in Internet chat rooms and attempt to meet those children for sex, often also access child pornography, often accessing such contraband over the Internet and storing such contraband on computer storage devices. Your affiant knows that child pornographers generally prefer to store images of child pornography in electronic form as computer files and that further records of Internet activity in search of child pornography can be found on computers used for this purpose.

**Items to be searched for, seized and examined**

11. Dell laptop computer bearing serial # JS9Z1B1/43068668509 and data stored therein.

12. All records relating to Internet access relating to any Internet service provider.

13. All records or items relating to "lilmandygrl_dc" (who is further described above), "freddyuna" (who is further described above), or use of Yahoo! Internet chat rooms.

14. All records, including keys, storage combinations, passwords, which indicate any other storage containers or facilities, that could contain evidence of collection, advertising, transport, distribution, receipt, or possession of child pornography.

15. Electronic mail, chat logs, IRC logs, ICQ logs, all other usage records for distributed file sharing technologies, and electronic messages, offering to distribute and receive visual depictions of minors engaged in sexually explicit conduct, or to show evidence a sexual interest in minors or desire or motive to advertise, distribute, transport, receive, collect and posses visual depictions of minors engaged in sexually explicit conduct.

**CONCLUSION**

Based on the foregoing, I, Detective Palchak, respectfully submits that there is probable cause to believe that an individual who was identified as Chiedozie Unachukwu and residing at 5305 Hyattsville, Maryland violated 18 U.S.C. § 2422(b) and 2423(b). I, therefore, respectfully request that the attached warrant be issued authorizing the search and seizure of the above listed items.

                                                                  _____
                                                                  Detective Timothy Palchak
                                                                  Metropolitan Police Department

Sworn to and subscribed before me this _____ day of December, 2006.

                                                               _____
                                                             UNITED STATES MAGISTRATE JUDGE